United States District Court
Southern District of Texas

**ENTERED**

August 07, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RAMON JOSE CARDENAS ROQUE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-06069 |
| | § | |
| GRANT DICKEY, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

**ORDER**

Before the Court is Petitioner Ramon Jose Cardenas Roque's Petition for Writ of Habeas

Corpus (ECF No. 1) and Respondents' Motion to Stay and in the Alternative Motion for Summary

Judgment (ECF No. 5). For the following reasons, the Court **GRANTS** the Petition for Habeas

Corpus and **DENIES** Respondents' Motion to Stay and Motion for Summary Judgment.

## I.       BACKGROUND

The following facts are not in dispute. Petitioner Ramon Jose Cardenas Roque is a thirty-

eight-year-old citizen of Venezuela who entered the United States without inspection in 2024. ECF

No. 1 at ¶ 4-5. He has resided in the United States continuously since that time. *Id*. at ¶ 7. He has

no criminal history. *Id*. at ¶ 10.

On January 24, 2024, Mr. Cardenas Roque was issued a Notice to Appear (NTA) in

removal proceedings before an Immigration Judge (IJ). ECF No. 5, Ex. 1. The NTA charged him

with being "an arriving alien." *Id*. It stated that he applied for admission at the Laredo, Texas Port

of Entry but was not in possession of a valid immigrant visa or other valid entry document. *Id*. The

1 / 5

NTA ordered Petitioner to appear in removal proceedings before an IJ in Denver, Colorado on March 29, 2024.[1] *Id.*

On June 29, 2026, Mr. Cardenas Roque was detained by Immigration and Customs Enforcement (ICE) officers during a traffic stop. *Id.* at ¶ 9. He has been in custody since that time without an individualized bond determination. *Id.* at ¶ 14. Respondents position is that Mr. Cardenas Roque is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

## II.    ANALYSIS

Petitioner argues, among other claims, that his detention violates his Fifth Amendment right to due process of law. The Court agrees. It therefore declines to address Petitioner's additional claims for relief. The Court also denies Respondents' Motion to Stay proceedings pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez v. Ortega*, No. 26-50183.

### A.  Petitioner's detention violates substantive due process.

Petitioner argues, among other claims, that his mandatory detention violates his Fifth Amendment right to due process of law. The Court agrees. It therefore declines to address Petitioner's additional claims for relief.

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in

---

[1] Respondents represent in their Motion that "U.S. Immigration and Customs Enforcement (ICE) has never previously released Petitioner from custody." ECF No. 5 at 4. However, the fact that Petitioner was encountered upon entry to the United States and issued a Notice to Appear in full-scale removal proceedings suggests otherwise. Nonetheless, the Court will address the Petition with the assumption that ICE has not previously released Petitioner on an Order of Release on Recognizance or other similar release order.

2 / 5

*Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court addressed a similar set of facts in *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 684 (S.D. Tex. 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Rodriguez*, 823 F. Supp. 3d at 690 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*. While the Petitioner in this case has not yet been detained for as lengthy a period as the petitioner in *Rodriguez*, "[t]he Court's concern in *Rodriguez* was not the amount of time that the petitioner had been detained *per se*, but rather the potentially indefinite nature of her detention and the possibility that her removal proceedings would take years." *De La Mont Diaz v. Tate*, No. 4:26-CV-02638, 2026 WL 980247, at *2 (S.D. Tex. Apr. 9, 2026) (Ellison, J.). The Court has the same concern in this case.

## B. Respondents are not entitled to a stay pending the Fifth Circuit's decision in *Sosnava Rodriguez*.

Respondents also argue that the Court should stay any action in this case in light of the Fifth Circuit's published order granting the Government's motion for stay of the district court judgments pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez*. *See Rodriguez v. Ortega*, ---F.4th---, 2026 WL 2104747 (5th Cir. July 21, 2026). The Court has previously denied Respondents' stay requests in similar cases. *See, e.g., Rojas Pliego v. Mullin*, No. 4:26-CV-05719,

3 / 5

Dkt. No. 13 (Order Denying Motion to Stay); *Perozo-Mata v. Blanche*, No. 4:26-CV-05679, 2026 WL 2195373, at *3 n. 2 (S.D. Tex. July 27, 2026) (Ellison, J); *Gonzalez Gonzalez v. Blanche, et al.*, No. 4:26-cv-5561, ECF. Dkt. No. 10, (S.D. Tex. July 27, 2026) (Ellison, J.). Other district courts within the Fifth Circuit have similarly rejected Respondents' expansive interpretation of the Fifth Circuit's one-sentence, unreasoned stay order. *See, e.g., Camacho v. Dep't of Homeland Sec.*, No. EP-26-CV-01717-DB, 2026 WL 2137156, at *2-3 (W.D. Tex. July 24, 2026) (concluding that "facial invalidation of Section 1225(b)(2)(A) is all that is precluded" by the stay); *Mercado Leyva v. United States Department of Justice Immigration Court*, 5:26-CV-01196, Doc. No. 11 at 2-3 n. 1 (S.D. Tex. July 23, 2026) ("Without clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed.").

For the reasons previously articulated in these cases, the Motion to Stay is denied.

### III.    REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

Given the severity of this ongoing unconstitutional deprivation of Petitioner's liberty, the Court concludes that immediate release from custody is required. The Court agrees with other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete,

ongoing deprivation of that liberty without any process provided by Respondents to justify his detention").

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. If Respondents seek to re-detain Petitioner during the pendency of his removal proceedings, they must provide notice to Petitioner and a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before August 10, 2026**, informing the Court of the status of Petitioner's release and Respondents' compliance with the requirements outlined above.

**IT IS SO ORDERED.**

Signed at Houston, Texas on August 7, 2026.

Keith P. Ellison
United States District Judge

5 / 5